UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-4518-CIV-MOORE

MIAMI SPRINGS POWER BOAT
CLUB, INC., and PAUL J. SLAYDEN,

    Plaintiffs,

vs.

THE UNITED STATES OF AMERICA
et al.,

    Defendants.
_____/

**ORDER**

FILED by _____ D.C.
DEC 1 8 2000
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. MIAMI

THIS CAUSE came before the Court upon Plaintiffs' Motion for Preliminary Injunction.

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and the representations of counsel presented at the preliminary injunction hearing held on December 18, 2000, it is ORDERED AND ADJUDGED as follows:

(1) The Temporary Restraining Order entered on November 29, 2000, as amended by Order dated December 5, 2000, shall be converted into a preliminary injunction. Said preliminary injunction shall expire on Saturday, March 31, 2001, at midnight;

(2) The United States, the United States Department of the Interior and its Secretary, the National Park Service and its Director, the State of Florida, the Florida Trust Fund, and the Governor of the State of Florida, and each of their agents, servants, employees and all persons acting on their behalf or by or under their authority, are hereby enjoined and restrained from enforcing the termination provisions of the "Campsite Leases" against the Plaintiffs and thereby evicting Plaintiffs from their Stiltsville structures;

(3) The United States will have reasonable access to inspect and examine the exterior and interior of Plaintiffs' stilt structures which occupy Campsite leases No. 2173 and 2157; and

(4) Plaintiffs will carry no less than $500,000.00 liability insurance coverage with the United States named as an additional insured in the amount of $500,000. This insurance shall be in place from the date of this Order and remain in place until Saturday, March 31, 2000, at midnight.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of December, 2000, at __2:30__ o'clock __p__.m.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Copies provided:
Randolph L. Jones, Jr., Esq.
Thomas J. Caldwell, Esq.
Laura Bonn, Esq.



```
CASE:       1:00-cv-04393
DOCUMENT:   6
DATE:       12/19/00

CLERK:      lk
```

VERIFIED RETURN OF SERVICE
ALEX CACHALDORA

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>THE SOUTHERN DISTRICT OF FLORIDA | CASE: 00-4393 CIV-MOORE<br>CIVIL DIVISION |

KENNETH WESTON, ETC.

SUMMONS
20 DAY / COMPLAINT

vs.

GENERAL ENTERTAINMENT PRODUCTIONS, INC

Pursuant to the request of DONALD JARET, ESQ., 4343 WEST FLAGLER STREET, Miami, CFL. COURTHOUSE EXPRESS, received this process on November 28, 2000 at 09:00 A.M.

I, ROBERT TAYLOR served same on **ALEX CACHALDORA**, at 4441 COLLINS AVE, MIAMI BEACH, FL on **DECEMBER 11, 2000** at **01:42 P.M.**

INDIVIDUAL SERVICE

By serving the within named person a copy of the above named document(s). FS 48.031(1)

**I ACKNOWLEDGE** that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action.

| | |
|---|---|
| Under penalties of perjury, I declare that I have read the forgoing document and that the facts stated in it are true.<br>December 11th, 2000 | **COURTHOUSE EXPRESS**<br>**19 WEST FLAGLER STREET M104**<br>**MIAMI, FL 33130**<br>OFFICE (305) 379-0011 |

**ROBERT TAYLOR DADE #353**

**INDEX**   8208

petition for rehearing of the denial of his petition for writ of certiorari. He further argues that even if the date of finality is not determined to be the date that the Supreme Court denied his petition for rehearing, he timely filed this motion to vacate because the Supreme Court denied his petition for writ of certiorari on October 7, 1999. To the contrary, telephonic inquiry revealed that the petition for writ of certiorari was denied on October 4, 1999.

As noted above, a conviction becomes final when a petition for writ of certiorari is denied. Sup.Ct.R. 16(3) provides that the "order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." Nogueras has not demonstrated that the order denying his petition for writ of certiorari was suspended while his petition for rehearing was pending. Thus, the conviction was final on the date that the Supreme Court denied the petition for writ of certiorari on October 4, 1999. The motion to vacate, filed on October 7, 2000, is not timely.

Nogueras did not argue that the limitations period began to run when the Supreme Court issued its decision in Apprendi v. New Jersey, ___ U.S. ___, 120 S.Ct. 2348 (2000). The Eleventh Circuit has recently held that the Apprendi decision does not apply retroactively to cases on collateral review. In re Joshua, 224

3

F.3d 1281 (11 Cir. 2000). Because Apprendi does not apply retroactively to cases on collateral review, that decision has no effect on the limitations period.

It is therefore recommended that this motion to vacate be dismissed, as time-barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: December 19, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Barbaro Nogueras, Pro Se
    Reg. No. 51547-004
    FCI - Jesup
    2680 Highway 301 South
    Jesup, GA 31545

    Scott H. Behnke
    Assistant United States Attorney
    500 E. Broward Boulevard
    Fort Lauderdale, FL 33394

4